# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | ) | CASE NO.  1:11 CV 2201 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| FIRST UNITED PENTECOSTAL CHURCH OF PARMA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |

This matter is before the Court on the Motion for Summary Judgment filed by Intervenor, Allstate Indemnity Company.  (Docket #35.)

On January 12, 2012, Allstate Indemnity filed a Motion to Intervene in this case, stating as follows:

> This is a declaratory judgment action concerning insurance coverage for two underlying lawsuits that arise from defendant Joshua O'Bannion's alleged molestation of defendants McKenzie Scott and Denise Nemeth. Scott (and her parents) and Nemeth are plaintiffs in the underlying lawsuits. Allstate issued a policy of homeowners insurance to defendants Robert and Charlene O'Bannion, under which Joshua O'Bannion also is an insured person. Allstate is defending the O'Bannions in the underlying lawsuits. Allstate's defense is under reservation of rights, however, because its policy does not cover the underlying plaintiffs' claims.

In this lawsuit, plaintiff Church Mutual Insurance Company seeks a declaratory judgment concerning coverage for the same underlying lawsuits. Church Mutual insures defendant First United Pentecostal Church of Parma. Since Allstate has similar coverage issues that relate to the same underlying litigation, it seeks leave to intervene in this case as a new-party plaintiff, in order to obtain a ruling as to coverage.

On January 24, 2012, Allstate Indemnity's Motion to Intervene was granted and Allstate filed its Complaint for Declaratory Judgment, asserting it has no duty to defend or indemnify defendants Joshua O'Bannion; Robert O'Bannion; and, Charlene O'Bannion as to the claims of McKenzie Scott; Vanessa Scott; Brian Scott; and, Denise Nemeth.

On March 16, 2012, Plaintiff, Church Mutual Insurance Company, filed Motions for Default Judgment as to Defendants Joshua O'Bannion; Robert O'Bannion; Charlene O'Bannion; Denise Nemeth; and, the First United Pentecostal Church.  (Docket #s 36-40.)  On March 30, 2012, the Motions for Default Judgment were granted, leaving only McKenzie Scott; Vanessa Scott; and, Brian Scott as Defendants in this action.

On March 9, 2012, Allstate Indemnity filed its Motion for Summary Judgment (Docket #35), seeking a determination and declaration from this Court that, under the terms of the Allstate Homeowner's Insurance Policy issued to Robert and Charlene O'Bannion, under which Joshua O'Bannion is also an insured, it has no duty to defend or indemnify any of the named Defendants.

As stated above, default judgment has been entered as to Defendants Joshua O'Bannion; Robert O'Bannion; Charlene O'Bannion; and, the First United Pentecostal Church.  Defendants McKenzie Scott; Vanessa Scott; and, Brian Scott have notified the Court they do not intend to oppose Allstate Indemnity's Motion for Summary Judgment.

-2-

**Summary Judgment Standard**

Summary judgment is appropriate when the Court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

### Conclusion

As stated above, default judgment has been entered against Joshua O'Bannion; Robert O'Bannion; Charlene O'Bannion; Denise Nemeth; and, the First United Pentecostal Church of Parma, Inc. The Scotts have notified the Court that they do not intend to oppose Allstate Indemnity's Motion for Summary Judgment.

The Court has thoroughly reviewed Allstate Indemnity's Motion for Summary Judgment and the terms of the Allstate Insurance Policy. There is no dispute as to the terms or validity of the Policy.

The Allstate Insurance Policy provides, in pertinent part, as follows:

> Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

The policy defines "occurrence" as "an accident . . . resulting in bodily injury or property damage." The policy defines "bodily injury" as "physical harm to the body, including sickness or disease, and resulting in death." The policy defines "property damage" as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction." The policy excludes coverage for injuries that may be reasonably expected to result from any insured's intentional or criminal acts and exclude coverage for claims arising

-4-

from an insured's business activities.

The Allstate Insurance Policy does not cover any of the claims asserted against the
O'Bannions by the Scotts and Nemeth.  Each of the claims asserted against the O'Bannions
constitutes an intentional and/or criminal act; arises out of the business activities of Robert
O'Bannion; or, is otherwise excluded from coverage under the terms of the Allstate Insurance
Policy.  Accordingly, the Motion for Summary Judgment filed by Intervenor, Allstate Indemnity
Company, (Docket #35) is hereby GRANTED.  Intervenor, Allstate Indemnity Company has no
duty to defend or indemnify Defendants Joshua O'Bannion; Robert O'Bannion; and, Charlene
O'Bannion as to the claims of McKenzie Scott; Vannessa Scott; Brian Scott; and, Denise
Nemeth.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  April 11, 2012